IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JESSE ENGRAM, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 21-1834 |
| | ) | |
| v. | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| BERNADETTE MASON, *Superintendent,* | ) | Re: ECF Nos. 5 and 6 |
| *State Correctional Institution at Mahanoy*; | ) | |
| THE ATTORNEY GENERAL OF THE | ) | |
| STATE OF PENNSYLVANIA; *and* | ) | |
| DISTRICT ATTORNEY OF ALLEGHENY | ) | |
| COUNTY, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Jesse Engram ("Petitioner") is a state prisoner currently incarcerated at the State Correctional Institution at Mahanoy ("SCI-Mahanoy") in Frackville, Pennsylvania. Petitioner seeks habeas corpus relief pursuant to 28 U.S.C. § 2254 from his state criminal conviction in the Court of Common Pleas of Allegheny County, Pennsylvania. ECF No. 1.

Presently before this Court are two motions. The first is Respondents' Petition for Extension of Time to Answer Petition for Writ of Habeas Corpus. ECF No. 5. In the same motion, Respondents state that Petitioner has requested 90 days to file a brief supporting the Petition, and Respondents move for the Answer deadline to be extended until 60 days after that brief has been filed. Id. at 2.

Our local rules contemplate that any supporting brief would be filed contemporaneously with the Petition, see LCvR 2254.B.2.b., and no motion for extension for time or leave to file a supporting brief out of time has been submitted by Petitioner. It is true that, in the wherefore clause of the Petition, Petitioner mentions that he would like to file a brief in 90 days. ECF No.

1

1 at 40. However, this does not qualify as a motion made pursuant to Rule 7(b) of the Federal Rules of Civil Procedure.

Be that as it may, the undersigned will give Petitioner the time that he seeks, and grant Respondents their extension of time as well. In the future, Petitioner's counsel should comply with the Federal Rules of Civil Procedure, our local rules of court, and the undersigned's Practices and Procedure, [1] to the extent that Petitioner may seek further relief from this Court.

Petitioner also filed a Motion for Discovery and to Stay Briefing Pending Resolution of the Motion for Discovery. ECF No. 6. A supporting brief was filed therewith. ECF No. 7. In these filings, Petitioner moves for leave to conduct specific discovery, for a hearing to be held on the same, and for a cessation of the briefing schedule. ECF No. 6 at 3-4.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). See also Harris v. Nelson, 394 U.S. 286, 300 (1969) ("broad-ranging preliminary inquiry is neither necessary nor appropriate in the context of a habeas corpus proceeding."). Discovery is authorized in Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts only by leave of court upon a showing by the petitioner of "good cause," which may be made "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief[.]" Harris, 394 U.S. at 300. See also Bracy, 520 U.S. at 908-09. Rule 6(b) of the Rules Governing Section 2254 Cases further requires that a request for discovery must include "any proposed interrogatories and requests for admission, and must specify any requested documents."

---

[1] Available at https://www.pawd.uscourts.gov/sites/pawd/files/kelly_pp.pdf.

This Court will not entertain a request for discovery in this case until <u>after</u> Respondents have filed their Answer. Petitioner may file a renewed motion for discovery within 30 days of service of the Answer, which is also the date his reply to the Answer is due. LCvR 2254.E.2. This Court will provide the parties with the opportunity to submit supplemental memoranda of law, in the event that discovery is permitted and/or an evidentiary hearing is held.

Accordingly, the following Order is entered:

AND NOW, this 24th day of January, 2022, IT IS HEREBY ORDERED that Respondents' Petition for Extension of Time to Answer Petition for Writ of Habeas Corpus, ECF No. 5. is GRANTED. Petitioner shall file a brief in support of his Petition on or before March 21, 2022. Respondents' Answer is due on or before May 20, 2022.

IT IS FURTHER ORDERED that Petitioner's Motion for Discovery and to Stay Briefing Pending Resolution of the Motion for Discovery, ECF No. 6, is DENIED WITHOUT PREJUDICE as stated above.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order.

Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

Dated: January 24, 2022                    BY THE COURT:

*/s/ Maureen P. Kelly*
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc (*via* CM/ECF): All counsel of record